

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-16-2006

# USA v. Baskerville

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3633

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Baskerville" (2006). *2006 Decisions.* Paper 1101.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1101

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 05-3633

————————

UNITED STATES OF AMERICA

v.

RONSHEEK BASKERVILLE,

Appellant

————————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 03-cr-00086)
District Judge:  The Honorable Christopher C. Conner

————————

Submitted Under Third Circuit LAR 34.1(a)
April 24, 2006

BEFORE: SCIRICA, Chief Judge, and  NYGAARD,  Circuit Judge.,
and YOHN,[*] District Judge.

(Filed: May 16, 2006)

————————

————————————

    *Honorable William H. Yohn, Jr., Senior District Judge for the United States
District Court for  the Eastern District of Pennsylvania, sitting by designation.

OPINION OF THE COURT

NYGAARD, <u>Circuit</u> <u>Judge</u>.

**I.**

Appellant, Ronsheek Baskerville, pleaded guilty to violating 18 U.S.C. § 472, 18 U.S.C. § 2, possession of counterfeit currency, and 18 U.S.C. § 922(g), felon in possession of a firearm. He was sentenced to 130 months' imprisonment. The District Court later granted the government's motion for reduction of sentence for substantial assistance in other investigations which reduced Baskerville's sentence to 100 months. Baskerville appealed, and we affirmed. The United States Supreme Court granted Baskerville's Petition for Certiorari, vacated the judgment and remanded the case to us for consideration of the now-advisory United States Sentencing Guidelines as articulated in *United States v. Booker*, 543 U.S. 220 (2005). We remanded the case to the District Court which again sentenced Baskerville to 100 months' imprisonment. Baskerville appeals his sentence now arguing that the District Court failed to adequately consider the 18 U.S.C. § 3553(a) sentencing factors and state its reasons for reimposing the 100 month sentence.

After briefing was completed, we decided *United States v. Cooper*, 437 F.3d 324 (3d Cir. 2006), a case which determined the extent to which a sentencing judge must articulate his consideration of the § 3553(a) factors during the sentencing colloquy. After

considering further briefing from the parties on the relevancy of the *Cooper* decision to Baskerville's appeal, we will affirm his sentence.

## II.

We first conclude that we lack jurisdiction to review the extent of the District Court's downward departure. *See United States v. Denardi*, 892 F.2d 269, 272 (3d Cir. 1989) ("This Court does not have jurisdiction over an appeal of a district court's exercise of discretion whether, or by how much, to grant a downward departure.") As long as the District Court understood its authority to depart downward as well as the now-advisory nature of the federal sentencing scheme, its decision to deny further downward departure is unreviewable. It is clear from the record that the District Judge understood his role and duties on resentencing. At the beginning of the resentencing hearing, he stated that, under this Court's appellate mandate, he was considering the factors outlined in the Sentencing Reform Act and the now-advisory nature of the Guidelines and that he had reviewed the transcript of the prior sentencing hearing and would review *de novo* the prior record to assure that Baskerville received a fair sentence under the scheme announced in *Booker*. He also encouraged the parties to raise "any other matters relevant to the imposition of sentence." Both parties took full advantage of his advice, the defense making four arguments for a further reduction in sentence and the prosecution rebutting those arguments and urging the reimposition of the 100 month sentence. The record assures us that the District Judge carefully considered each party's arguments.

3

We also conclude that the 100 month sentence the District Court reimposed upon Baskerville was reasonable and that its consideration of the § 3553(a) factors was thorough. The sentence imposed was 30 months below the recommended Guidelines imprisonment range. Moreover, the record reflects that the District Court carefully considered the four grounds argued by defense counsel for a further reduction in sentence: (1) the circumstantial proof that the weapon was possessed in connection with the counterfeiting offense; (2) the individual indicted and convicted as a result of Baskerville's substantial assistance had received only 20 months in prison; (3) Baskerville's participation in several prison rehabilitation programs; and (4) the extent to which his incarceration isolated him from supportive family members. The District Court confirmed with defense counsel that her discussion of these four factors was intended to be an argument to the sentencing factors set forth in § 3553(a). The District Court then directed the government to respond to defense counsel's arguments at which time the prosecution reminded the Court of the seriousness of Baskerville's current crimes, including being in possession of an automatic weapon while dealing in counterfeit currency, his lengthy criminal history of drug-trafficking and the significant reduction in sentence he had already received. In reimposing the 100 month sentence, the District Judge stated, with full record support, that he believed the sentence satisfied the § 3553(a) factors. We agree. The Judgment of the District Court will be affirmed.

4